## THEODORE BAILLY BLANCHARD, Executor, *v.* HENRY LOCKETT.

Action by the executor for the price of one-third of a certain lot purchased by defendant, at the probate sale of the property of the deceased ; the petition alleging, that the lot belonged jointly and equally to the deceased, the defendant, and a third person, though the title was in the name of defendant ; and, that it was sold at the sale of the succession by consent of all parties. Answer, that though it appeared by a counter-letter, that he, defendant, owned only one-third ; that he purchased from the deceased, and was to sell the same, and account to the deceased and the third joint proprietor, each for one-third, yet that a fourth party had been a joint owner with the deceased ; that he, defendant, had endorsed notes to enable the deceased to purchase the interest of such fourth party, which he, defendant, had, after renewal, to pay, owing to the insolvency of the deceased ; and that the title to the

whole lot was made to him by deceased, to secure him against his endorsement, and the counter-letter executed by him, in consequence. Plaintiff having produced, under a rule taken on him, the original notes drawn by the deceased and endorsed by defendant, the books of the deceased, and other memoranda in his possession relative to the sale, a counter-letter between the deceased and the fourth party, showing the interest of the latter, and their accounts with each other; defendant offered them in evidence to sustain the allegations of his answer. Plaintiff objected to their being received, on the ground that the notes were not mentioned in the counter-letter signed by defendant. *Per curiam*: Though the counter-letter does not speak of the notes, or of the interest of such fourth party, evidence is admissible to prove such interest, when it consists of other written documents in the possession of the deceased. Such documents do not contradict the counter-letter, but show another contract connected with the first, in relation to the same transaction, in which all were partners. Nor can the evidence be excluded on the ground that the defendant, sued as a purchaser at the sale of the succession, cannot plead in compensation, a debt due to him by the deceased. It is clearly not a question of compensation in the ordinary sense of the word.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Grima*, for the plaintiff, cited *Green* v. *Davis et al.*, 7 Mart. N. S. 238, to show that the purchaser of the property of a succession cannot offer in compensation, a debt due to him by the deceased.

*Micou*, for the appellant.

BULLARD, J. This action is instituted by the executor of the last will of Theodore Nicolet, against Henry Lockett, to recover from him, one-third of the price of a city lot, purchased by him at the probate sale of the property of the estate, which lot, it is alleged, belonged jointly to Nicolet, Merle, and the defendant Lockett, although the title stood in the name of the latter alone, and was sold by consent of all concerned at the public sale of the property of the estate.

The defence set up is ; that although it appears by a counter-letter that he was the ostensible owner of the whole lot, whereas he owned only one-third, and was to sell the property and account to Merle and Nicolet, each for one-third; and that he acquired his title from Nicolet; yet one Jules Le Blanc had been, in fact, a joint owner thereof. That, during the negotiation for the sale of the property, Nicolet represented to him, that, in order to extinguish the interest of Le Blanc, it was necessary for him to procure the sum of $10,000, in addition to the sum to be paid

by Merle and the defendant, which sum, the situation of his affairs required, should be otherwise appropriated. That it was thereupon agreed, at the instance of Nicolet, that the defendant should receive the notes of said Nicolet for $10,000, endorse them, procure their discount, and deliver the proceeds to Nicolet, to enable him to pay for the interest of Le Blanc in the property. That, in pursuance of this agreement, the notes were drawn, endorsed, and discounted, and the proceeds paid to Le Blanc to extinguish his title. That, therefore, the title to the whole property was made by Nicolet to the defendant Lockett, for his security, and the counter-letter was given. That, the notes, the act of sale, and the counter-letter were, and are only parts of one and the same contract, and that Nicolet, in fact, had no interest since the third thus purchased of Le Blanc was paid with the money thus raised and advanced. That Nicolet engaged to pay the endorsed notes at maturity, and thus relieve the defendant as endorser; and that in reliance upon said promise he signed the counter-letter. Defendant avers, that, in consequence of the insolvency of Nicolet, he was compelled to pay the notes endorsed by him, and did pay two notes, to wit, one for $2400, being one of those originally given, and one for $4500, being the first renewal of one for $5000; and the notes thus alleged to have been paid are annexed to the answer. The defendant then alleges, that he contributed $6900 in addition to the $10,000 already paid by him, and that he had a corresponding interest therein.

On the trial of the cause, the plaintiff was ruled to produce : 1st. The original notes, amounting together to $10,000, drawn by Nicolet & Co., and endorsed by Lockett, about the month of March, 1837. 2d. The bill book of Nicolet & Co., in which the notes were entered. 3d. The cash book of Nicolet & Co., in which the proceeds of the notes were credited. 4th. All the entries and memoranda respecting the sale of the property described in the petition, and the notes, and the book of accounts, in which the same are entered. 6th. The counter-letter between Jules Le Blanc and Nicolet, showing the interest of Le Blanc in the property. 6th. The account of Le Blanc with Nicolet & Co., embracing the period between the 1st March, 1837, and the death of Nicolet.

The books, notes, and accounts with Le Blanc, having been produced on this call, the defendant offered them in evidence to prove that Le Blanc received a large portion of the price of the property sold by Nicolet to the defendant. That no other notes of Nicolet were endorsed by the defendant, save those annexed to his answer, and those, in renewal of which, the same were given. That the notes annexed to the defendant's answer originated in, and were connected with the adventure or speculation mentioned in the counter-letter. This evidence was objected to by the plaintiff, on the ground that no mention of such notes was made in the counter-letter; and the court refused to admit the evidence, because the defendant, who was sued as purchaser of a property of the succession of Nicolet, cannot offer in compensation a debt due him by said Nicolet deceased. To this ruling of the court the defendant took a bill of exceptions.

The ground upon which the Judge excluded the evidence, does not appear to us tenable. This is clearly, not a question of compensation, in the ordinary acceptation of the word. If Lockett had carried out the original intention of the parties, by selling the property himself, instead of consenting to the sale with the property of Nicolet's estate, it is clear, that he would have been accountable to his associates for the proceeds. In the settlement among themselves, of the mutual claims of the partners against each other, he would have been authorized to charge each with what he had really disbursed for his benefit, in relation to the object of their speculation or adventure. The balance in his hands, after making such deduction, would have formed the fund to be divided. It is worthy of inquiry, whether he has lost this right, by consenting to a sale under the authority of the Court of Probates, and becoming himself the purchaser.

The objection made by the counsel is more specious than solid. It is true, the counter-letter does not speak of such notes, or of any interest of Le Blanc. But evidence to show that such was the fact, when that evidence results from other written documents in the possession of Nicolet, does not contradict the counter-letter, but shows another contract, connected with the first, in relation to the same transaction, in which all were partners. Without expressing any opinion as to the effect which such evi-

dence would produce, and whether it would exonerate Lockett
from paying one-third of the price at which it was adjudicated to
him; we think that the evidence was admissible.· It tended to
show equities between the parties before the death of Nicolet;
and his creditors had, perhaps, a right, as it relates to Lockett,
only to the nett proceeds of that speculation.   It was, therefore,
proper to inquire, whether, in truth, Lockett had paid more than
his proportion of the price.

It is therefore adjudged and decreed, that the judgment of the
Parish Court be reversed, and, that the case be remanded for a
new trial, with instructions to the judge not to reject the evidence
offered, on the ground set forth in the bill of exceptions; and that
the costs of the appeal be paid by the appellee.